IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HARVEY CANTRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 21-0043-JB-MU |
| | ) |
| JESSIE WHITE, SECRETARY OF | ) |
| STATE OF ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a Motion to Appeal (which has been docketed as a civil action) and a Motion to Proceed without Prepayment of Fees. (Docs. 1, 2). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S) for appropriate action. Because Cantrell has requested leave to proceed without prepayment of costs and fees (*see* Doc. 2), this Court has the obligation to undertake a review of his motion to appeal pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs courts to dismiss any action when it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Upon consideration of the pleadings, it is recommended that this action be **DISMISSED WITHOUT PREJUDICE**, prior to service of process, because this Court lacks subject-matter jurisdiction; therefore, Cantrell's motion to appeal is legally frivolous.[1] *See Jackson v. Farmers Ins. Group/Fire Ins. Exchange,*

---

[1] Because this Court lacks subject-matter jurisdiction, Cantrell's motion to proceed without prepayment of fees and costs is **MOOT** (*see* Doc. 2).

391 F. App'x 854, 856 (11th Cir. 2010) (discussing subject-matter jurisdiction and 28 U.S.C. § 1915(a)(2)(B)(i) frivolity).[2]

## DISCUSSION

On January 4, 2021, Plaintiff Harvey Cantrell filed a *pro se* "Motion to Appeal" against Jessie White, the purported Secretary of State of Illinois, seemingly arising from his contention that his due process rights were not upheld by the federal courts of Illinois. (Doc. 1). Based on documents submitted by Cantrell, his underlying complaint seems to be related to the suspension of his driver's license due to receiving multiple DUI charges in Illinois between 1983 and 2001. (Doc. 3).

Federal district courts are "courts of limited jurisdiction" that are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution[.]'" *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994)); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" (internal citations omitted)). Stated differently, because federal courts are courts of limited jurisdiction "[i]t is . . . presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen*, 511 U.S. at 377 (internal citations omitted). Because federal courts are courts of limited jurisdiction, a federal court "may *sua sponte* consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

that subject matter jurisdiction is lacking." *Jackson,* 391 F. App'x at 856 (citations omitted).

Here, Cantrell's motion to appeal seeks to appeal a decision by a federal district court in Illinois to this Court. (Doc. 1). This is improper, of course, because federal district courts are, by statute, courts of original jurisdiction, 28 U.S.C. §§ 1331, 1332 (both statutes address the original jurisdiction of district courts), not appellate jurisdiction, *id.* (neither § 1331 nor § 1332 mention appellate jurisdiction). Stated somewhat differently, Congress has not given this Court jurisdiction to review a decision of another district court in or outside Alabama, any more than it has granted the Eleventh Circuit jurisdiction to review decisions of district courts outside this Circuit. *See Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.,* 689 F.2d 982, 986 (11th Cir. 1982) ("Congress has not given us jurisdiction to review decisions of district courts outside this Circuit."). Instead, as 28 U.S.C. § 1291 makes clear, "[t]he **courts of appeals** . . . shall have **jurisdiction of appeals** from **all final decisions of the district courts** of the United States[.]" *Id.* (emphasis supplied). Section 1294(1) goes on to provide that "appeals from reviewable decisions of the district . . . courts **shall be taken** to the courts of appeals as follows: (1) From a district court of the United States to the court of appeals for the circuit embracing the district[.]" 28 U.S.C. § 1294(1) (emphasis supplied). To the extent Cantrell desired to appeal a final decision of a federal district court in Illinois, as he appears to state, his appeal should have been taken to the Seventh Circuit Court of Appeals. *See* 28 U.S.C. § 41 (recognizing that the Seventh Circuit is comprised of all judicial districts in Illinois, Indiana and Wisconsin). Because this Court cannot exercise appellate jurisdiction in this matter, Cantrell's motion to appeal (Doc. 1) is due to be **STRICKEN**

3

and this matter **DISMISSED** as frivolous, *see* 28 U.S.C. § 1915(a)(2)(B)(i), for lack of subject-matter jurisdiction.

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED, without prejudice,** prior to service of process, for lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **16th** day of **March, 2021**.

/s/ P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**